UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14155-CIV-CANNON/Maynard

ANNAMARIE RUSSO,

     Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

### ORDER ACCEPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon the parties' Motions for Summary Judgment [ECF Nos. 19, 22]. Those motions were referred to Magistrate Judge Shaniek M. Maynard for a report and recommendation [ECF No. 2; *see also* ECF No. 18]. On August 31, 2022, Judge Maynard issued a report [ECF No. 24], recommending that (1) Plaintiff's Motion for Summary Judgment [ECF No. 19] be denied, (2) Defendant's Motion for Summary Judgment [ECF No. 22] be granted, (3) Defendant's final administrative decision be affirmed, and (4) final judgment be entered in Defendant's favor. The Court has reviewed the Report [ECF No. 24], Plaintiff's Objections [ECF No. 26], and the full record.[1] For the reasons set forth below, the Report [ECF No. 24] is **ACCEPTED**.

### RELEVANT BACKGROUND

Plaintiff Annamarie Russo applied for disability insurance benefits and Supplemental Security Income benefits in connection with an alleged period of disability beginning on November 18, 2017 [ECF No. 19 p. 1; ECF No. 24 p. 1]. Plaintiff's claims were initially denied

---

[1] Defendant filed a notice indicating that it does not object to the Report [ECF No. 25].

in October 2018 and were again denied upon reconsideration in December 2018 [ECF No. 14 p. 17; ECF No. 19 pp. 1–2]. Plaintiff subsequently requested a hearing on her claims [ECF No. 14 p. 17]. Accordingly, an administrative law judge (the "ALJ") held a telephonic hearing on April 20, 2020, at which Plaintiff was represented by counsel [ECF No. 14 p. 17].

Following that hearing, and upon a full review of the record, the ALJ issued a detailed decision finding that Plaintiff was not "disabled" as defined by the Social Security Act [ECF No. 14 pp. 17–26]. In doing so, the ALJ found that the testimony of Plaintiff's orthopedic surgeon regarding Plaintiff's physical limitations was unpersuasive, and that Plaintiff's general anxiety and panic disorders were non-severe [ECF No. 14 pp. 19–24]. The ALJ's decision was based on, among other things, the full scope of Plaintiff's medical records, the function report filled out by Plaintiff, the opinions of state agency medical consultants, and Plaintiff's testimony at the hearing [ECF No. 14 pp. 19–24]. Plaintiff subsequently requested review of the ALJ's decision and, upon considering that request, the Appeals Council found that there was no "basis for changing [the ALJ's] decision" [ECF No. 19 p. 2; ECF No. 1-1 p. 2].

Plaintiff initiated the instant action on April 5, 2021, seeking court review of the administrative decision pursuant to 42 U.S.C. § 405(g) [ECF No. 1; ECF No. 24 p. 2]. Plaintiff moved for summary judgment in December 2021 [ECF No. 19], and Defendant moved for the same in February 2022 [ECF No. 22].[2] In March 2022, Plaintiff submitted a brief opposing Defendant's motion for summary judgment and further supporting her own [ECF No. 23].

On August 31, 2022, Judge Maynard entered a comprehensive Report and Recommendation (the "Report") [ECF No. 24], outlining the applicable law, summarizing the underlying record, and determining that the ALJ's decision was legally sound and supported by

---

[2] Defendant's Motion for Summary Judgment contains Defendant's Response in Opposition to Plaintiff's Motion [*see* ECF No. 22].

CASE NO. 21-14155-CIV-CANNON/Maynard

substantial evidence [ECF No. 24].   Plaintiff filed her Objections on September 7, 2022 [ECF No. 26].  The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Plaintiff raises the following two arguments in her objections: (1) the ALJ's finding that the orthopedic surgeon's opinion was unpersuasive is not supported by substantial evidence, and (2) the ALJ's finding that Plaintiff's general anxiety and panic disorders are non-severe is not supported by substantial evidence [ECF No. 26].  Neither argument succeeds.  The Court finds that the ALJ's conclusions are supported by substantial evidence and that the Report is well-reasoned and correct.

### I.        The Orthopedic Surgeon's Opinion

Plaintiff's first argument is that the ALJ did not adequately consider or explain his rejection of the orthopedic surgeon's written opinion, dated November 20, 2018, that Plaintiff "would be

3

unable to sit, stand, and walk in combination for eight (8) hours in a normal workday, would frequently have impaired attention and concentration due to symptoms, and would be absent once or twice a month due to [those] impairments" [ECF No. 26 pp. 1–3; ECF No. 14 p. 24].  The Court disagrees.

When reviewing administrative decisions by Defendant, courts "must affirm if the decision is supported by substantial evidence."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In this case, the ALJ's finding that the orthopedic surgeon's opinion was unpersuasive is supported by substantial evidence.  As the ALJ pointed out, the orthopedic surgeon's conclusions as to Plaintiff's physical limitations are "inconsistent with the claimant's longitudinal physical examination history" and with the opinions of two state agency physicians who concluded that Plaintiff could perform "light exertional work" [ECF No. 14 p. 24].  Moreover, as the ALJ highlighted, the orthopedic surgeon's opinion is substantially undercut by the many daily activities Plaintiff admittedly continues to perform, including childcare, light household chores, the preparation of meals, driving, and shopping [ECF No. 14 p. 24; ECF No. 24 p. 17].  Based on this record, the Court agrees with the Report that the record before the ALJ contained sufficient evidence to support a finding that the orthopedic surgeon's opinion from November 20, 2018, was no longer persuasive [ECF No. 24 pp. 8–21].

## II.     Plaintiff's General Anxiety and Panic Disorders

Plaintiff's second argument is that the ALJ's finding that Plaintiff's general anxiety and panic disorders are non-severe likewise is not supported by substantial evidence [ECF No. 26 pp. 3–4].  As the ALJ's written decision notes, the only available psychological medical record

from the relevant period was a consultation report following an October 2018 examination [ECF No. 14 p. 20].  According to that record, on the date of the examination, Plaintiff had an "anxious mood and affect but an unremarkable content of thought, a fair abstraction ability, a fair fund of knowledge, fair insight and judgment, a normal orientation and memory, and the ability to perform simple arithmetic and calculations" [ECF No. 14 p. 20].  The ALJ considered that report alongside Plaintiff's testimony and disposition at the hearing, Plaintiff's function report, Plaintiff's lack of any routine psychological treatment, and the findings of two state agency psychological consultants who characterized Plaintiff's psychological impairments as non-severe [ECF No. 14 pp. 20–21].  Based on that holistic review, the ALJ similarly concluded that Plaintiff's general anxiety and panic disorders are non-severe [ECF No. 14 pp. 20–21].  The Court again agrees with the Report that the ALJ's thorough reasoning is supported by substantial evidence [ECF No. 24 pp. 21–26].

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 24] is **ACCEPTED**.

    a. Plaintiff's Motion for Summary Judgment [ECF No. 19] is **DENIED**.

    b. Defendant's Motion for Summary Judgment [ECF No. 22] is **GRANTED**.

2. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 9th day of September 2022.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record